## NORTHERN LUMBER & COAL COMPANY v. RETAIL LUMBERMENS INTER-INSURANCE EXCHANGE AND OTHERS.[1]

July 2, 1926.

No. 25,322.

**Question of fact for jury.**
Whether certain insurance policies were assigned by the plaintiff to one of the defendants upon the sale of property which they covered was a question of fact for the jury.

Insurance, 32 C. J. p. 1240 n. 56 New.

Action in the district court for St. Louis county to recover money deposited with defendant insurance exchange under a plan of mutual or co-operative insurance. The case was tried before Fesler, J., and a jury which returned a verdict in favor of plaintiff. Defendants Colvin and O. D. Hauschild, Inc. appealed from the judgment. Judgment affirmed.

*McClearn & Gilbertson*, for appellants.
*Courtney & Courtney*, for respondent.

DIBELL, J.
This is an action to recover money deposited with the defendant insurance exchange under a plan of mutual or co-operative insurance. The question is whether it belonged to the plaintiff or the defendant Colvin. The action was dismissed as to the defendant insurance exchange. There was a verdict and judgment against the defendants O. D. Hauschild, Inc. and Colvin, and they appeal.

On February 2, 1924, the plaintiff owned lumberyards at Biwabik, Aurora and Gilbert in St. Louis county. On that day it sold them to the defendant Colvin and a formal bill of sale bearing date January 31, 1924, was delivered. The bill of sale assumed to convey all the lumber and merchandise in the three yards, described in cer-

[1]Reported in 209 N. W. 880.

tain inventories, and "all accounts, claims or demands" described in certain statements. The deposits here involved were not mentioned in the inventories.

Under a mutual or co-operative plan of insurance the plaintiff had on deposit with the insurance exchange $360.74 and was entitled to a refund upon the cancelation of the insurance. So far as concerns this case the money may be considered as in the possession of the Hauschild corporation, which did all the business. The plaintiff had four policies on the three yards. It assigned them to Colvin under date of January 31, 1924. It claims that they were not delivered until February 11. The claim of Colvin is that they were assigned as a part of the transfer of the lumberyards and were delivered on February 2. The claim of the plaintiff is that they were not assigned as a part of the transfer of the lumberyards, but that several days later Colvin wanted an assignment of them for a few days until he could effect insurance, and that they were assigned to him for temporary protection. When the controversy arose over the ownership of the deposit Colvin gave a bond of indemnity and received the money.

The single question is whether the plaintiff company transferred the deposits to Colvin. The bill of sale did not purport to do so. If the assignment of the three policies was delivered as a part of the same transaction as the delivery of the bill of sale there would seem no question but that the intention was to transfer the benefit of the policies and therefore the deposits. Colvin claims that they were delivered on February 2, the plaintiff that they were not delivered until several days later and then under the circumstances stated. The testimony is irreconcilable. The finding of the jury either way would be sustained.

There is another item of $252.41 representing money paid after February 2 by the plaintiff to the insurance exchange and claimed by the plaintiff to have been paid by mistake. It is included in the money held by the Hauschild company and turned over to Colvin when the bond was given. If the plaintiff is entitled to the first item it is entitled to the other.

Judgment affirmed.